**FILED**

November 25, 2024

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS

BY: _____ ps

DEPUTY

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **V.** | § | **NO.   A-14-CR-368(1) DAE** |
| | § | |
| | § | |
| **CHRISTOPHER LEE SIMPSON** | § | |
| **Defendant** | § | |

## AGREED ORDER REVOKING SUPERVISED RELEASE AND RE-SENTENCING DEFENDANT

On this day came on to be considered the Government's Motion to Revoke Supervised Release. Through their signatures below, the parties have recommended a disposition in this cause. The Court concurs with this disposition which is supported by findings set forth below.

### I.      Findings

*Supervised Release Imposed.* On or about August 7, 2015, the Court sentenced the Defendant to seventy-two (72) months to be followed by 6 years of supervised release, and a combined $200.00 special assessment (satisfied), for the offenses of Possession with Intent to Distribute Methamphetamine (Count 1) and Felon in possession of a Firearm (Count 2).[1] Mr. Simpson commenced his term of supervised release on May 20, 2020.

The Court ordered the Defendant arrested on January 24, 2024, for violations of the Defendant's conditions of supervised release pursuant to a Petition for Warrant or Summons for Offender Under Supervision submitted by the United States Probation Office (Doc. Nos. 45 and 46). The violations alleged new law violations that occurred on or about January 24, 2021.[2] After completing his state sentence of nine (9) months, the Defendant was arrested on or about October

---

[1] The Honorable Lee Yeakel imposed sentenced on Mr. Simpson. The case was reassigned to the Honorable Senior U.S. District Judge David A. Ezra on March 5, 2024 (Doc. No. 4).

[2] Mr. Simpson was Indicted on January 2, 2024, in Burnet County, Texas District Court under Cause No. 56317 for an offense that occurred nearly three years earlier or on or about January 24, 2024.

Case 1:14-cr-00368-DAE    Document 61    Filed 11/25/24    Page 2 of 5

*United States v. Christopher Lee Simpson, AU-14-CR-368(1)-DAE*
*Agreed Order Revoking Supervised Release*
*Page 2 of 5*

16, 2024 (Doc. No. 54).[3] An Amended Petition for Warrant or Summons for Offender Under Supervision was filed on October 29, 2024, to include the resolution of Mr. Simpson's State charge (Doc. No. 58).

*Admitted Supervision Violations.* On or about the following dates: January 24, 2021, Defendant violated Mandatory Conditions No. 1 and No. 2 when he committed another state crime by possessing a controlled substance in an amount of less than one gram as detailed in the Amended Petition. Defendant admits he violated the terms of his supervised release by committing a new crime by possessing a controlled substance. Defendant admits there is sufficient evidence to substantiate the revocation of his supervised release. Prior to the submission and filing of the original petition in this case, Mr. Simpson had been on supervised release for approximately three (3) years with some success; however, Mr. Simpson understands the need for a sanction and is in agreement that further supervision is warranted upon completion of his sentence.

*Defendant's Acknowledgments.* The Defendant acknowledges that: (1) upon revocation of the Defendant's supervised release, the Court could assess imprisonment up to a statutory maximum of 36 months consecutive to any other sentence, and impose further supervise release, and a payment of any unsatisfied monetary sanction previously imposed; (2) the parties project the Defendant's non-binding revocation policy-statement imprisonment range to be 21-27 months; (3) the United States bears the burden of proving the charged violations of supervised

---

[3] According to Burnet County Records, on September 12, 2024, in the 33rd/424th Judicial District Court of Burnet County, Texas, in Case No. 56317, the defendant pled guilty to the lesser included charge in Count 2 of Possession of a Controlled Substance Less than 1 Gram. Mr. Simpson was sentenced to 9 months in the Texas Department of Criminal Justice—State Jail. Count 1 of that Indictment was Dismissed. Mr. Simpson will not receive credit for time spent in State custody on this revocation.

Case 1:14-cr-00368-DAE     Document 61     Filed 11/25/24     Page 3 of 5

*United States v. Christopher Lee Simpson, AU-14-CR-368(1)-DAE*
*Agreed Order Revoking Supervised Release*
*Page 3 of 5*

release by a preponderance of the evidence; (4) the Defendant does not contest the above related factual summary of the evidence of the Defendant's misconduct and admits to the allegations therein; and (5) the United States could prove such misconduct by a preponderance of the evidence.

*Defendant's Waiver of Rights.* Through their signatures below, the Defendant and the Defendant's attorney specifically assert, and the Court finds, and the Defendant voluntarily, knowing, and intelligently: (1) waives the Defendant's rights under the Constitution, Fed.R.Crim.P. 32.1(a)(2), and 43, 18 U.S.C. §3583(e)(3), and/or otherwise, to be present, and participating with the Defendant's lawyer at a proceeding at which the Defendant's supervised release is revoked and the Defendant is re-sentenced, as accomplished by this Order; and (2) requests that the Court enter this Order forthwith without the necessity of any further hearing or appearance by the Defendant or the Defendant's counsel.

*Defendant's Waiver of Appeal.* By entering into this agreement, and as a term of this agreement, the Defendant voluntarily and knowingly waives the right to appeal the revocation and sentence on any ground. The Defendant also voluntarily and knowingly waives any right to contest the sentence in any post-conviction proceeding, including, but not limited to, a proceeding pursuant to 28 U.S.C. §2255; provided, however, that consistent with principles of professional responsibility imposed on the Defendant's counsel and counsel for the Government, the Defendant does not waive the right to challenge the sentence on grounds of ineffective assistance of counsel or prosecutorial misconduct of constitutional dimension.

*Defendant's Plea of True.* As evidenced by the Defendant's signature below, and that of the Defendant's attorney, the Defendant acknowledges that the Defendant has reviewed the

violation(s) set forth herein with the below attorney, that the Defendant acknowledges the allegation(s) herein is (are) true, and the Defendant pleas true to this (these) violation(s).

## II.    Order

In view of the foregoing, based on the Defendant's uncontested violations of the Defendant's supervised release for which there is an adequate factual basis as summarized above, the Court finds, determines, and orders that:

1.  The allegations of the violations listed herein are true.

2.  The Defendant's supervised release is revoked pursuant to 18 U.S.C. §3583(e).

3.  The Defendant is remanded to the custody of the Bureau of Prisons for a period of TWELVE MONTHS AND ONE DAY (12 months and 1 day).

4.  Upon the Defendant's discharge of the Defendant's sentence of imprisonment, Defendant shall be placed on an additional term of supervised release of ONE YEAR.

5.  Monetary sanctions imposed in the case that remain unpaid are imposed.

**APPROVED** and **ORDERED** ON THIS ___25th___ day of ___November___, 2024.

HONORABLE JUDGE DAVID EZRA
SENIOR UNITED STATES DISTRICT JUDGE
WESTERN DISTRICT OF TEXAS

UNDERSTOOD AND AGREED TO IN EVERY RESPECT:

CHRISTOPHER LEE SIMPSON
Defendant

JESÚS M. SALINAS, JR.
Counsel for Defendant

KARTHIK SRINIVASAN
Assistant United States Attorney

(Counsel for the Government and the Defendant have conferred with the United States Probation Officer and the Officer agrees with the parties that this is an appropriate sentence.)